United States, use of Alexander et al.,

vs.

Joshua A. Ritchie et al.

Law.   No. 23,051.

{ Decided March 10, 1884.
{ The Chief Justice and Justices Cox and James sitting.

1.  A suit may be maintained in the name of the United States, for the use of several legatees, against the principal and sureties on an executor's bond ; it is not necessary that a separate suit should be brought to the use of each party interested.

2.  In a suit upon a bond, where the bond is filed as a public record, it is unnecessary to make profert of it in the declaration.

3.  The neglect to make profert is a matter of form and not of substance, and cannot be taken advantage of on general demurrer.

4.  This court will not listen to any mere matters of form on demurrer; they were at common law subject to special demurrer, and by the rules of this court all special demurrers are virtually abolished.

5.  A declaration which states the facts necessary to be stated to make a case, is not demurrable because it contains matters of evidence; the latter is merely surplusage.

The Case is stated in the opinion.

Hanna & Johnston for plaintiff.

Hugh T. Taggart for defendants.

Mr. Justice Cox delivered the opinion of the court.

The case of the United States against Joshua A. Ritchie and others, is a suit brought in the name of the United States for the use of certain legatees, against the principal and sureties, on an executor's bond. It is brought to recover the sum of $1,151.66, as a balance due to the legatees named in the will of Richard Pettit, who died in August, 1873, leaving Joshua A. Ritchie and Louis W. Ritchie as his executors. The original declaration was demurred to and it was afterwards amended. That amended declaration was demurred to, and that was again amended, and the second amendment, or third declaration, as we may call it, was also demurred to on two grounds; one being that the declaration does not make profert of the bond sued on, nor make any excuse for the failure to make profert thereof, and the

other that the declaration contains matters of evidence. On the argument, the counsel relied on one ground which was assigned for demurrer to the original declaration, viz., that the suit was brought by several legatees together, instead of each legatee suing for himself; the position being, that although the suit was brought in the name of the United States for the use of parties interested, yet each party interested must sue separately, just as he would have to do if he could sue in his own name.

The precedents have sanctioned this form of suit. In the case of Maddox *vs.* The State, in 4 Harris & John., we find that the suit was brought on an administrator's bond, in the name of the State, for the use of the executor of one of the deceased distributees, and of all the surviving distributees. There was no point made about it, and the thing was acquiesced in, and, *sub silentio,* approved. We find a similar case—that of U. S., use of, &c., *vs.* John Rose, in 2 Cranch C. C. R., 567—where no objection was made to the form of the suit. Another is the case of U. S., use of Mackey, *vs.* Coxe, in 18 Howard, U. S., where the suit was brought for the use of the administrator of the domicile, in the Cherokee Nation, and also of the distributees entitled to the estate of the deceased. And so far as that point was concerned, it was sustained; there were no objections made on that ground at all. We do not think, therefore, the first objection to the suit could be sustained.

The next one to be noticed is the omission to make profert of the executor's bond. The answer to that by counsel was, that in the same case already referred to—of Maddox *vs.* The State—and in several cases referred to, it has been decided that where the bond is filed as a public record, it is unnecessary to make profert of it in the declaration. We think this is a sufficient answer. But in addition to that, the neglect to make profert is a matter of form and not of substance, and it could not be taken advantage of on a general demurrer, as only matters of substance can be. We require a demurrer to be for matter of substance. We do not listen to any mere matters of form on demurrer. They

were, at common law, subject to special demurrer, and by our rules we have virtually abolished all special demurrers.

Another objection was, that the declaration contained matters of evidence. If it stated nothing else but matters of evidence, it would be bad on general demurrer. But we find, on inspection, that it states the facts necessary to be stated to make a case. It states the receipt of money by the defendants, their obligation to pay, and their refusal to pay, and it simply adds: "Although often requested so to do," and "Though directed by the Supreme Court of the District of Columbia, holding a special term for the transaction of public business, to pay over said sum of money as follows," giving different sums, etc. Now, that may be a mere matter of evidence, but it is simply surplusage, and we do not think it is sufficient ground for general demurrer to the declaration.

The demurrer was sustained below, and we reverse the judgment on that ground.